UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MONIQUE WHITEHEAD,

    Plaintiff

v.

USCB CORPORATION,

    Defendant

Case No.:

COMPLAINT AND DEMAND FOR JURY TRIAL

(Unlawful Debt Collection Practices)

## COMPLAINT

MONIQUE WHITEHEAD ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against USCB CORPORATION ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's corporate headquarters is located in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Bayshore, New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 101 Harrison Street, Archbald, Pennsylvania, 18403.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. Beginning in May 2011, and continuing through August 2011, Defendant and those it retained made continuous and repetitive calls to Plaintiff on her home telephone in an attempt to collect a debt.

13. In its attempts to collect a debt, Defendant regularly called Plaintiff on her home telephone three (3) times per day, and, on occasion, called Plaintiff as many as five (5) times per day.

14. In May 2011, during one of her first conversations with Defendant, Plaintiff informed Defendant that she did not owe the amount of the debt that it was seeking to collect.

15. During this same conversation, Plaintiff demanded that Defendant stop calling her.

16. However, despite this request and subsequent requests to cease contacting her, Defendant continued to contact Plaintiff on her home telephone multiple times per day in an attempt to collect a debt.

17. Upon information and belief, Defendant contacted Plaintiff on a repetitive basis with the intent to harass Plaintiff into paying the alleged debt.

18. Further, during one telephone conversation in June 2011, Defendant's representative threatened Plaintiff stating that she "need[ed] to pay the god damn bill."

19. Plaintiff told Defendant that it was breaking the law, to which

Defendant's representative responded, "I don't give a fuck about the law."

20. Plaintiff was so disturbed by Defendant's conduct that she sent written correspondence to Defendant instructing it to cease and desist contact her, specifically stating that Defendant is to "make no more phone calls to [her] house." See Exhibit A, Plaintiff's June 2011, letter to Defendant.

21. Further, in her letter to Defendant, Plaintiff explained to Defendant the nature of her dispute regarding the amount it was seeking to collect. See Exhibit A.

22. Despite Plaintiff's written request to Defendant to stop contacting her, Defendant continued to call Plaintiff multiple times a day on her home telephone through August 2011.

23. In its collection calls to Plaintiff, Defendant threatened numerous consequences to Plaintiff if she did not pay the alleged debt.

24. For example, during one call in July 2011, Defendant's representative informed Plaintiff that it did not matter that she disputed the debt, she still had to pay the debt, and that if she did not pay, Defendant would report the debt on her credit report.

25. During another call in July 2011, Defendant threatened to file a lawsuit against Plaintiff if she did not pay the debt.

26. Finally, during another telephone conversation with Plaintiff in July 2011, Defendant threatened to have Plaintiff arrested if she did not pay the alleged debt.

27. Upon information and belief, Defendant did not intend to take any legal action or have Plaintiff arrested for nonpayment of the alleged debt.

28. In fact, nearly five months after making threats of legal action and arrest to Plaintiff, upon information and belief, Defendant has not taken any legal action against Plaintiff and/or had Plaintiff arrested.

29. Upon information and belief, Defendant made this statements to Plaintiff in order to harass her into paying the alleged debt that she disputed.

## CONSTRUCTION OF LAW

30. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

31. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235

(W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

32. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

# COUNT I
# DEFENDANT VIOLATED
# THE FAIR DEBT COLLECTION PRACTICES ACT

33. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated the FDCPA generally;

   b. Defendant violated §1692c(c) of the FDCPA when it communicated with Plaintiff after it received a written demand that it stop;

   c. Defendant violated §1692d of the FDCPA when it harassed, oppressed, or abused Plaintiff in connection with its attempt to collect a debt;

   d. Defendant violated §1692d(2) of the FDCPA when it used obscene or profane language in its attempt to collect this debt;

   e. Defendant violated §1692d(5) when it caused Plaintiff's telephone to ring or engaged Plaintiff in conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

   f. Defendant violated §1692e of the FDCPA when it used false, deceptive, or misleading representations in its attempt to collect this debt;

   g. Defendant violated §1692e(2)(A) of the FDCPA when it falsely


represented the amount of debt owed;

h. Defendant violated §1692e(4) of the FDCPA when it threatened to have Plaintiff arrested when it could not legally, or did not intend to, take such action;

i. Defendant violated §1692e(5) of the FDCPA when it threatened to take action that it could not legally, or did not intend, to take;

j. Defendant violated §1692e(10) of the FDCPA when it used false representations or deceptive means to collect or attempt to collect any debt;

k. Defendant violated §1692f of the FDCPA when it used unfair or unconscionable means in its attempt to collect this debt; and

l. Defendant violated §1692f(1) of the FDCPA when it attempted to collect an amount that was not expressly authorized in the agreement creating the debt.

WHEREFORE, Plaintiff, MONIQUE WHITEHEAD, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

represented the amount of debt owed;

h. Defendant violated §1692e(4) of the FDCPA when it threatened to have Plaintiff arrested when it could not legally, or did not intend to, take such action;

i. Defendant violated §1692e(5) of the FDCPA when it threatened to take action that it could not legally, or did not intend, to take;

j. Defendant violated §1692e(10) of the FDCPA when it used false representations or deceptive means to collect or attempt to collect any debt;

k. Defendant violated §1692f of the FDCPA when it used unfair or unconscionable means in its attempt to collect this debt; and

l. Defendant violated §1692f(1) of the FDCPA when it attempted to collect an amount that was not expressly authorized in the agreement creating the debt.

WHEREFORE, Plaintiff, MONIQUE WHITEHEAD, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MONIQUE WHITEHEAD, demands a jury trial in this case.

RESPECTFULLY SUBMITTED

DATED: 11-23-11

KIMMEL & SILVERMAN, P.C.

By: _____
Craig T. Kimmel
Attorney ID #57100
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com